908 P.2d 587

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Leslie F. MADDEN, Defendant–Appellant.**

No. 21541.

Court of Appeals of Idaho.

Dec. 21, 1995.

Daniel M. Dolan, Ketchum, argued for appellant.

Alan G. Lance, Attorney General; D. Doug Nelson, Special Deputy Attorney General, Boise, for respondent. D. Doug Nelson argued.

SUBSTITUTE OPINION THE COURT'S PRIOR OPINION DATED MAY 18, 1995, IS HEREBY WITHDRAWN.

WALTERS, Chief Judge

Leslie Madden appeals from an order of the district court which reversed a magistrate's decision suppressing the results of a blood-alcohol content (BAC) test. We reverse the district court's order and reinstate the magistrate's decision.

## FACTS

On February 5, 1993, at approximately 11:05 p.m., Leslie Madden was stopped by Deputy Charlie Riemann on State Highway 75 north of Ketchum when Riemann observed Madden driving left of the center line and below the speed limit. After failing field sobriety tests, Madden was placed under arrest for driving while under the influence (DUI) and was transported to the Blaine County Sheriff's Office in Hailey. At the Sheriff's Office, Madden agreed to take a breath test and, after blowing once into the breath-testing device, refused to blow a second time. Riemann informed Madden that the result showed a BAC of .211. He then wrote out a citation, and took Madden to Officer Chris Ward for booking.

Prior to or during booking, Madden requested an independent blood test and asked to speak to her attorney. Officer Ward informed Madden that, according to jail policy, she would have to wait until booking procedures were completed to make any telephone calls. At approximately 1:00 a.m., while at home, Riemann received a phone call from Ward, who told him that Madden wished to obtain a blood test. Riemann informed Ward that Madden would have to get to the hospital and arrange for the test herself.

At 2:30 a.m., approximately three and one-half hours after she was originally stopped and one-half hour after booking was completed, Madden was allowed to telephone her

attorney. Immediately after speaking with her attorney, Madden again requested a blood test. Her attorney also contacted Ward, requesting that Madden be transported to a hospital, which was five minutes away, for a test. Ward contacted Riemann, who informed him that Madden could obtain a blood test after posting bond.[1]

Madden filed a motion in the magistrate's division of the district court to suppress the BAC test results. The magistrate granted Madden's motion and the state then appealed to the district court. I.C.R. 54.1(d). The district court, acting in its appellate capacity, reversed the magistrate's decision. Madden appeals, arguing that the state violated her statutory right to obtain an independent blood test as well as her right to counsel under the Sixth Amendment of the United States Constitution.

## ANALYSIS

■ When reviewing a district court decision imparted in its appellate capacity, we examine the record before the magistrate independently of, albeit with due regard for, the district court's determination. *State v. McAfee,* 116 Idaho 1007, 1008, 783 P.2d 874, 875 (Ct.App.1989). A suppression order presents a mixed question of law and fact. *Id.* On appeal, we defer to the trial court's findings of fact if they are supported by substantial evidence. *Id.* However, we exercise free review on questions of law. *State v. Burris,* 125 Idaho 289, 291, 869 P.2d 1384, 1386 (Ct.App.1994).

■ Madden argues that the state denied her the right to obtain an independent blood alcohol concentration test, in violation of I.C. § 18–8002(4)(d). We agree. After submitting to evidentiary testing at the request of the peace officer, a driver may, when practicable, at his or her own expense, have additional tests made by a person of his or her own choosing. I.C. § 18–8002(4)(d). When a peace officer denies the additional test, the

admission of results of the evidentiary testing for alcohol concentration shall be precluded. *Id.* The independent test acts as a safeguard which "provides the licensee with the opportunity to test the sufficiency of the original test results, and avoid the consequences of an erroneous deprivation of his or her driving privileges." *Matter of McNeely,* 119 Idaho 182, 191, 804 P.2d 911, 920 (1990). Our Supreme Court has recognized that an "inherent exigency" exists in DUI cases, due to the destruction of the evidence by metabolism of alcohol in the blood. *State v. Woolery,* 116 Idaho 368, 370, 775 P.2d 1210, 1214 (1989).

Madden first requested an independent BAC test prior to or during booking. The officers believed they had no duty to transport Madden to the hospital for an additional test. However, Madden had the right to arrange for a qualified individual to come to the jail to draw a blood sample. She might also have been able to arrange for posting bond and her own transportation to the hospital for an additional test. By refusing her access to a telephone for approximately two hours after her initial request for an independent test and three and one-half hours after her arrest, the officers denied Madden a meaningful and timely opportunity to make her own arrangements for an additional test. As noted, as soon as allowed access to a phone, Madden contacted her attorney and renewed her request. Therefore, pursuant to I.C. § 18–8002(4)(d), the results of Madden's breath test are inadmissible.[2]

In light of our decision in this case, we need not consider Madden's constitutional claim. *See Curtis v. Child,* 95 Idaho 63, 501 P.2d 1374 (1972).

## CONCLUSION

Under the facts of this case, the Blaine County Sheriff Department's policy prohibiting an arrestee from making a telephone call

---

1. Madden asserts that the district court erred in finding that Ward informed her that she could obtain a second test upon posting bond. We need not decide this issue, however, as it is inconsequential to our determination of this case.

2. Madden also argues that where an arrestee requests an additional test, officers are required, when practicable, to transport the arrestee to a hospital to obtain the second test. In light of the foregoing conclusions, we need not reach this issue.

until after the booking process denied Madden a meaningful opportunity to obtain an additional BAC test pursuant to I.C. § 18–8002(4)(d). Consequently, the results of the breath test were inadmissible and should have been suppressed. We therefore reverse the district court's order and reinstate the magistrate's order suppressing the results of the BAC test. The case is remanded for further proceedings.

LANSING and PERRY, JJ., concur.