922 P.2d 1072

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Kyle Scott ROUNTREE, Defendant–Appellant.**

No. 21768.

Court of Appeals of Idaho.

July 2, 1996.

Kellie B. Youmans, Moscow, for appellant.

Alan G. Lance, Attorney General; Michael A. Henderson, Deputy Attorney General; Thomas R. Vaughn, Legal Intern, Boise, argued, for respondent.

PER CURIAM.

Kyle Scott Rountree entered a conditional plea of guilty to driving under the influence, I.C. § 18–8004. He appeals from a district court decision which affirmed a magistrate's order denying his motion to suppress the results of a blood alcohol concentration (BAC) test obtained by a blood sample.

On appeal he argues that the state denied him his statutory right to an additional BAC test by: (1) failing to inform him of his rights under I.C. § 18–8002; (2) advising him that any additional BAC test would have to be another blood test; and (3) refusing to administer an intoxilyzer test at the Latah County Jail. Rountree further argues that the magistrate's interpretation and application of I.C. § 18–8002 violated his federal and state constitutional rights to equal protection. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND [1]

On September 26, 1993, at approximately 5:00 a.m., Rountree was being treated at Gritman Hospital for injuries resulting from an automobile accident and was suspected of driving under the influence. While at the hospital, Rountree, who was accompanied by his attorney, consented to a blood draw requested by Police Officer Wommack. Prior to consenting to the blood draw, Rountree was not informed of his rights pursuant to I.C. § 18–8002. After the blood was drawn, Rountree's attorney told Rountree that he should ask for an additional test. While at the hospital and before Rountree was arrested, he asked Wommack for a breath test, whereupon Wommack responded, "If you are going to have a second test it will have to be a blood test rather than a breath test." In response to an inquiry by Rountree's attor-

---

1. The facts of this case are taken from the magistrate's findings of fact in his February 22, 1994, order denying Rountree's motion to suppress. The record does not contain a transcript of the hearing on the motion to suppress and we are unable to discern the origin of many of the magistrate's findings of fact. However, because neither party argues that any of the findings of fact are clearly erroneous, we will assume that these findings are correct.

ney, Wommack told Rountree that he could have an additional test "there at the hospital" by a person of his own choosing. Rountree never requested a second blood draw or a urine test from the police or the hospital staff.

At approximately 6:15 a.m., Rountree was placed under arrest at the hospital by Officer Barber and was transported to the Latah County Jail approximately four blocks away. During Rountree's contact with Barber, Rountree did not request an additional test. While Rountree was in the process of being booked into jail, he was visited by his attorney, who asked if he had been given a breathalyzer test. Rountree stated that he had not. Rountree subsequently told Deputy Reese that he wanted a breathalyzer test and also informed Reese that he had requested a breath test from other officers. Rountree was never given the test.

The magistrate found that Reese was not qualified to operate the Intoxilyzer 5000 machine used to conduct breath tests at the jail and that Wommack believed the Intoxilyzer 5000 equipment at the jail could not be used by an arrestee as an additional elective blood-alcohol concentration (BAC) test. At approximately 8:51 a.m., four hours after the blood draw, Rountree bonded out of the Latah County Jail. Following his release, Rountree did not obtain an additional BAC test.

Rountree filed a motion to suppress the results of the blood test, which the magistrate denied. Rountree appealed, and the district court affirmed the magistrate's decision.

## II. ANALYSIS

■ When the district court acts in an appellate capacity on appeal from the magistrate's decision, and a further appeal is taken to this court, the record is reviewed independently of, but with due regard for, the district court's determination. *State v. Jordan*, 122 Idaho 771, 772, 839 P.2d 38, 39 (Ct.App. 1992). The trial court's decision on a motion to suppress presents mixed questions of fact and law. *Id.* On appeal, we defer to the trial court's findings of facts if they are supported by substantial evidence. *Id.* However, we

freely review the trial court's determinations as to whether constitutional and statutory requirements have been satisfied in light of the facts found. *Id.*

### A. The Officer's Failure to Inform Rountree of his Rights Under I.C. § 18–8002(3)(d).

■ At the time of evidentiary testing for concentration of alcohol, the driver shall be informed that "[a]fter submitting to evidentiary testing he may, when practicable, at his own expense, have additional tests made by a person of his own choosing." I.C. § 18–8002(3)(d). Idaho Code Section 18–8002(4)(d) provides:

After submitting to evidentiary testing at the request of the peace officer, [the arrestee] may, when practicable, at his own expense, have additional tests made by a person of his own choosing. The failure or inability to obtain an additional test or tests by a person shall not preclude the admission of results of evidentiary testing for alcohol concentration . . . taken at the direction of the peace officer *unless the additional test was denied by the peace officer.*

(Emphasis added). Rountree argues that the officer's failure to inform him of his rights under I.C. § 18–8002(3)(d) denied him his right to an additional test as provided by I.C. § 18–8002(4)(d). Consequently, he asserts, the state's BAC test should have been suppressed, pursuant to I.C. § 18–8002(4)(d). We disagree with Rountree's suggestion that on the facts presented here, the failure to inform under I.C. § 18–8002(3)(d) was tantamount to a denial of the right to a second BAC test under I.C. § 18–8002(4)(d).

We first note that subsection (4)(d) of I.C. § 18–8002 does not require suppression of the results of the state's BAC test whenever a police officer failed to inform the licensee of his rights under subsection (3)(d) of that same statute. Subsection (4)(d) only requires such suppression when the officer *denies* the additional test.

■ Moreover, as stated in *State v. Woolery*, "Where probable cause exists and the evidentiary test was conducted in a reason-

able manner, whether or not the officer complied with the provisions of I.C. § 18–8002(3), the results of the evidentiary test should be admissible in a criminal prosecution." 116 Idaho 368, 374, 775 P.2d 1210, 1216 (1989). *Woolery* makes it clear that failure to advise the driver of his rights under I.C. § 18–8002(3)(d) does not *necessarily* lead to suppression.

Therefore, we must consider whether, under the circumstances of this case, failure to advise Rountree of his rights under I.C. § 18–8002(3)(d) effectively denied him his right to a second test under I.C. § 18–8002(4)(d). The unchallenged findings of the magistrate make it abundantly clear that despite Wommack's failure to advise Rountree of his rights under I.C. § 18–8002(3)(d), Rountree was informed by his counsel of his right to a second BAC test. Indeed, acting on that knowledge, he requested that a second test, *i.e.*, a breath test, be performed. Therefore, it cannot be said that Wommack's failure to inform Rountree of his right to a second test left Rountree ignorant of this right and unable to exercise it.

Although Rountree concedes that he was advised by his attorney to request an additional test, he states that he was never notified, pursuant to I.C. § 18–8002(3)(d), of some of the conditions attached to obtaining the second BAC test, namely that it was only available "when practicable" and "at his own expense." However, he does not suggest how this prevented him from obtaining an independent test. The magistrate found that Wommack informed Rountree that he could obtain an additional test at the hospital by a person of his own choosing. Therefore, Rountree was aware that other people, besides the police officers, could administer the second BAC test. Thus, Rountree cannot imply that failing to inform him of the conditions attached to obtaining a second test led him to believe that the second test would necessarily be performed by police officers.

Accordingly, we hold that, under the circumstances of this case, failure to inform Rountree of his rights under I.C. § 18–8002(3)(d) did not constitute a denial of his statutory right to an additional BAC test. Thus, the magistrate did not err in refusing to suppress the results of the state's BAC test on that basis.

## B. The Officer's Statement that any Additional BAC Test Would Have to be Another Blood Test.

■ The magistrate found that Officer Wommack stated to Rountree, "If you are going to have a second test it will have to be a blood test rather than a breath test." Although the magistrate also found that Rountree's attorney was with him in the hospital, the magistrate made no findings regarding whether Rountree was informed by his attorney that he was not limited to obtaining a blood test as his second BAC test.

Rountree first argues that the right to an independent test under I.C. § 18–8002(4)(d) is the right to an additional test of the driver's own choosing and that Wommack's statement regarding the second test was erroneous. We agree. *See State v. Cunningham,* 116 Idaho 179, 180, 774 P.2d 349, 350 (Ct. App.1989) ("At the jail Cunningham was properly informed of his right under I.C. § 18–8002(3)(d) to an additional test *of his own choosing* and at his own expense.") (emphasis added).

Rountree next characterizes Officer Wommack's erroneous information that the second BAC test would have to be a blood test as the officer's "refusal to allow any additional test at the hospital other than a second blood test." He frames the issue as follows: whether the officer "denied Rountree an additional [BAC] test by *limiting* any additional test to another blood test at the hospital ..." (emphasis added). However, what Rountree characterizes as a given (*i.e.*, that the officer's statement constituted a "refusal to allow" any additional test except a blood test and that his statement "limit[ed]" Rountree to a blood test) is actually the question in this case: whether the officer's advice constituted a denial of Rountree's right to a second BAC test of his own choosing. We hold that, under the circumstances of this case, it did not.

The magistrate found that after Rountree received the erroneous information regarding the second BAC test, Rountree repeated his

request for a breath test while being processed into jail and informed Deputy Reese that he had requested a breath test from other officers. Additionally, his attorney visited him at the jail, asking if he had been given a breath test. Therefore, Wommack's statement that Rountree could only receive another blood test as his second BAC test did not affect Rountree's behavior, nor did he appear to believe that another blood test was his only option. Thus, Rountree's failure to receive a second BAC test of his own choosing was not caused by Wommack's erroneous information, and Rountree has not demonstrated that the officer's statement was tantamount to a denial of a second test.

Based on the foregoing, we hold that Wommack's statement to Rountree that he could only receive another blood test as his second test did not deny Rountree his statutory right to an additional BAC test of his own choosing.

## C. The Officers' Refusal to Administer an Intoxilyzer Test at the Latah County Jail.

The magistrate made no finding that the officers affirmatively interfered with Rountree's right to arrange for an independent BAC test after Rountree arrived at the jail. However, it is clear from the findings that none of the officers at the jail complied with Rountree's request that one of them *administer a breath test*.

Rountree argues that the fact that the state may not deny an additional test "implies that an officer has an affirmative duty, if practicable, to facilitate a person's reasonable request for an additional test," either by conducting the test himself or by arranging "to have the breath test administered by a qualified operator." Rountree's argument, unsupported by authority, is unavailing.

We first note that in the instant case, the magistrate found that Rountree simply told Deputy Reese that he "wanted a breathalyzer test" and that he "had requested a breath test from other officers." Rountree did not request that the officers facilitate his own arrangements for a second test; for example, by providing a telephone for him to arrange for a second test. Therefore, the question

posed by this case is whether the officers' failure to administer a second BAC test constituted a denial of his right to a second test.

Idaho Code § 18–8002, the statute addressing an arrestee's right to an additional BAC test and the state's responsibilities regarding that test, does not require the state to administer the second BAC test when requested to do so by the arrestee. In fact, by providing in subsections (3)(d) and (4)(d) that the arrestee may obtain a second test "at his own expense," the statute suggests that it is not the state's responsibility to administer or arrange for the second BAC test on behalf of the arrestee. Moreover, under subsection (4)(d), in order for the state's BAC test to be suppressed, the state must affirmatively *deny* an arrestee the right to a *second BAC test*, not simply *refuse* to participate in giving the second test, as was the case here. Our reading of the I.C. § 18–8002 convinces us that the state must do more than simply fail to administer a second test in order for that failure to constitute a denial under I.C. § 18–8002(4)(d).

In addition, I.C. § 18–8002(4)(d) states that the arrestee may receive the second test "when practicable." The magistrate's unchallenged findings of fact state:

12. Deputy Reese is not qualified to operate the [Intoxilyzer 5000].

. . . . . .

14. There is no procedure, policy, or protocol of the Latah County Sheriff's Office or the Moscow Police Department which allows a defendant to utilize the Intoxilyzer at the Latah County Jail as an elective additional test.

15. There is no Latah County Sheriff's policy or procedure for payment for use by a defendant of the Intoxilyzer as an elective test.

Thus, under the circumstances of this case, it was not practicable for the officers at the Latah County Jail to administer the test.

We conclude that, under the circumstances of this case, the state did not deny Rountree his right to an additional BAC test by failing to administer the second test.

## D. Equal Protection

██ Rountree contends that the magistrate's interpretation and application of I.C. § 18–8002, as expressed in his order denying the motion to suppress, violated his right to equal protection. He argues that the magistrate's "determination that a state-controlled intoxilyzer test is not available as an additional test [and] can be denied by peace officers makes the statute an unconstitutional violation" of Rountree's state and federal equal protection rights.

He further asserts that the magistrate's statutory interpretation "distinguishes between people who request a State operated intoxilyzer test as an additional BAC test and people who do not request this specific test." Moreover, he argues that the right to a second test assures the right to exculpatory evidence, which, in turn, assures the due process right to a fair trial. Thus, he argues, the right to a second test is a fundamental right, requiring strict scrutiny.

Rountree's equal protection argument is meritless. The state was not obligated to allow *any* person to use its intoxilyzer test and to conduct the additional BAC test. Therefore, the state did not treat Rountree differently when refusing to allow him the test he desired. Because Rountree has not been subjected to any classification creating an inequality, or treating him differently from other persons, his equal protection right has not been violated.

## III. CONCLUSION

We hold that the state did not deny Rountree his right to an additional test of his own choosing under I.C. § 18–8002(4)(d). Therefore, the magistrate did not err in denying Rountree's motion to suppress the state's BAC test. We also conclude that Rountree's constitutional rights to equal protection were not violated. Accordingly, the order denying Rountree's motion to suppress is affirmed.