IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 37041

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 584 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 9, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRIAN KEITH BLACKMON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge. Hon. Thomas H. Borresen, Magistrate.

Order of the district court, on intermediate appeal from the magistrate division, affirming judgment of conviction for driving under the influence, affirmed.

Daniel S. Brown of Fuller Law Offices, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.
_____

MELANSON, Judge

Brian Keith Blackmon appeals from the district court's intermediate appellate decision affirming the magistrate's order affirming Blackmon's judgment of conviction for driving under the influence. For the reasons set forth below, we affirm.

I.

FACTS AND PROCEDURE

Blackmon was arrested on suspicion of misdemeanor driving under the influence of alcohol (DUI). I.C. §§ 18-8004, 18-8005. The arresting officer transported Blackmon to the county jail, where he submitted to a breath alcohol concentration (BAC) test. The breath test revealed that Blackmon's BAC was 0.130/0.138. Blackmon was charged with DUI.

Prior to trial, Blackmon filed a motion to suppress the results of the breath test, asserting that the county jail officers denied him a second or independent BAC test pursuant to I.C. § 18-8002(3). Specifically, Blackmon argued that officers would not allow him to use the telephone

1

in order to arrange for an additional test. After a hearing, the magistrate denied Blackmon's motion, holding that Blackmon failed to show that he made an affirmative request to use the telephone to arrange independent testing. Blackmon was found guilty by a jury of DUI. Blackmon appealed to the district court, which affirmed the magistrate's denial of Blackmon's motion to suppress. Blackmon again appeals.

## II.

## ANALYSIS

Blackmon argues that the district court erred by affirming the magistrate's order denying his motion to suppress. Blackmon contends that the magistrate erroneously concluded that the county jail officers did not interfere with his right to an independent BAC test. On the contrary, Blackmon asserts, the evidence presented at the hearing on the motion to suppress established that the officers refused to allow Blackmon to use the telephone to arrange for an independent test at his own expense.

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008). We examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Id.* If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.*

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Relying on this Court's decision in *State v. Hedges,* 143 Idaho 884, 154 P.3d 1074 (Ct. App. 2007), Blackmon contends that officers refused to allow him to make a telephone call and

2

denied him his right to obtain an independent blood test. In *Hedges*, this Court described the right of a defendant to obtain additional evidentiary testing as follows:

> The right of a defendant charged with an alcohol-related driving offense to obtain additional testing is derived from both statutory and constitutional sources. Idaho Code Section 18-8002(4)(d) provides:
>
>> After submitting to evidentiary testing at the request of the peace officer, he may, *when practicable*, at his own expense, have additional tests made by a person of his own choosing. The failure or inability to obtain an additional test or tests by a person shall not preclude the admission of results of evidentiary testing for alcohol concentration or for the presence of drugs or other intoxicating substances taken at the direction of the peace officer *unless the additional test was denied by the peace officer*.
>
> (Emphasis added). Police are also required to inform a defendant of this right to an independent BAC test after submitting to evidentiary testing, when practicable and at the defendant's own expense. I.C. § 18-8002(3)(e); *State v. Rountree,* 129 Idaho 146, 148, 922 P.2d 1072, 1074 (Ct. App. 1996). A detainee's inability to obtain additional BAC testing will not result in suppression of the test completed by the state unless this right was affirmatively denied or materially interfered with by the state. *Rountree,* 129 Idaho at 150, 922 P.2d at 1076; *see also* [*State v. Cantrell,* 139 Idaho 409, 411, 80 P.3d 345, 347 (Ct. App. 2003)]. In the context of a DUI arrest, due process requires that police give a person accused of DUI a reasonable opportunity to procure a timely BAC sample through the accused's own efforts and expense. *See State v. Hayes,* 108 Idaho 556, 559, 700 P.2d 959, 962 (Ct. App. 1985).
>
> Idaho courts recognize that there is an inherent exigency in DUI cases due to the destruction of evidence through the metabolism of alcohol in the blood. *State v. Madden,* 127 Idaho 894, 896, 908 P.2d 587, 589 (Ct. App. 1995). Because of this exigency, the only opportunity to obtain a meaningful, independent BAC test is within a reasonable time following arrest and administration of the state's evidentiary BAC test. *State v. Carr,* 128 Idaho 181, 184, 911 P.2d 774, 777 (Ct. App. 1995). This means that, after administration of the evidentiary BAC test, a defendant cannot be denied access to a telephone upon request to arrange for an independent test. *Id.*; *see also Madden,* 127 Idaho at 896, 908 P.2d at 589.

*Hedges*, 143 Idaho at 886-87, 154 P.3d at 1076-77. In *Hedges*, we also held that, once an accused expresses a desire for independent testing, the police have no duty to administer the test, participate in arranging the test, or transport the accused to a facility to obtain the test. *Hedges*, 143 Idaho at 887-88, 154 P. 3d at 1077-78; *see also Rountree,* 129 Idaho at 150, 922 P.2d at 1076.

3

At the hearing on the motion to suppress, Blackmon testified that he asked the arresting officer for a second BAC test and a telephone call soon after submitting to the BAC test. The arresting officer testified that Blackmon did not request an additional evidentiary test or the use of a telephone to arrange a second test at that time. Blackmon further testified that he asked for a second BAC test while in the booking room at the jail but testified that this request was never addressed by the officers. A county jail officer who came on duty soon after Blackmon was booked into the jail testified that Blackmon asked to use the telephone to call his parole officer. The officers on duty placed the call for Blackmon, but the parole officer refused to speak to Blackmon. Finally, both Blackmon and another county jail officer testified that Blackmon asked for an additional test approximately five to eight hours after Blackmon submitted to the BAC test. The officer refused to administer such a test. Further, the officer testified that Blackmon never asked to use the telephone to arrange for an additional test.

Substantial evidence supports the magistrate's finding that Blackmon failed to affirmatively request a telephone call in order to obtain an additional evidentiary test. While the testimony at the suppression hearing was at times conflicting, the magistrate's decision is supported by substantial evidence. As this Court stated in *Hedges*, officers are not required to facilitate, perform, or administer additional evidentiary testing. *Hedges*, 143 Idaho at 887-88, 154 P. 3d at 1077-78. Rather, officers are prohibited from denying or interfering with the accused's ability to obtain an independent blood alcohol test. *Id.* It appears from the record that the officers complied with Blackmon's request to call his parole officer and did not otherwise prevent Blackmon from using the telephone to make arrangements for an additional test.[1] The officer's refusal to administer a second test at the jail did not amount to a denial of or interference with Blackmon's right to obtain additional testing at his own expense. Thus, the magistrate's conclusion that the officers did not interfere with Blackmon's right to additional evidentiary testing followed from the magistrate's findings. Therefore, Blackmon has failed to show that the magistrate erred when it denied his motion to suppress.

## III.
## CONCLUSION

---

[1]     It should also be noted that Blackmon could not be released on bond to obtain additional testing because he was placed on a parole hold.

Based upon a review of the record, we hold that the magistrate's factual findings were supported by substantial and competent evidence and that the magistrate's conclusions of law followed therefrom. Therefore, the magistrate did not err in denying Blackmon's motion to suppress. Accordingly, the district court's decision affirming Blackmon's judgment of conviction is affirmed.

Judge GUTIERREZ and Judge GRATTON, **CONCUR.**