# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46702

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

KYLE JOSEPH EVENSON,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: October 21, 2019

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Judgment of conviction for felony driving under the influence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kim A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Kyle Joseph Evenson appeals from the district court's judgment of conviction and asserts the district court erred by denying his motion to suppress. Evenson asserts the district court erred in finding that his grandmother did not accept his telephone calls from jail after he was arrested for felony driving under the influence. Evenson also contends that the district court erred in concluding the officers did not interfere with Evenson's right to collect potentially exculpatory evidence because the State provided Evenson with a dysfunctional telephone system. Because Evenson stipulated that his grandmother was unable to accept the calls, he has not shown that the State materially interfered with his assertion of his right to gather potentially exculpatory evidence. Thus, the district court did not err when it denied Evenson's motion to suppress, and the district court's judgment of conviction is affirmed.

1

# I.

## FACTUAL AND PROCEDURAL HISTORY

Evenson was arrested for felony driving under the influence. After Evenson provided two breath samples that indicated his blood alcohol content was over the legal limit, he affirmatively expressed his desire for an additional, independent blood alcohol concentration (BAC) test as contemplated in Idaho Code § 18-8002(4)(e). Evenson was transported to the Kootenai County Public Safety Building where he was held without bond.

While Evenson was waiting to be formally processed into the facility, an officer provided Evenson a telephone and indicated that he could call whomever he wanted. The Kootenai County Public Safety Building uses Telmate, a correctional telecommunication company, to operate the telephones for individuals housed within the building, including telephones for individuals to use prior to being formally processed into the facility. These "pre-booking" telephones allow users one free, sixty-second telephone call or an unlimited number of collect telephone calls. However, a free sixty-second call will automatically be processed as a collect call if the caller dials a number that has previously accepted collect calls from the facility and has a credit card number associated with the telephone number. This occurs because when a collect call is made, it is billed to a credit card, and Telmate permanently attaches the credit card information provided to the associated telephone number. Thus, once a credit card is used, the three-digit verification code associated with that credit card at the time of first use is the only three-digit verification code Telmate will accept, regardless of whether the verification code has changed, unless the person who owns the card affirmatively updates the information in the system. For these calls, in order to speak with the person in custody, the receiver of the telephone call is required to enter the three-digit verification code of the credit card on file with Telmate, regardless of whether the card has expired or how long ago the card was used.

Evenson used a "pre-booking" telephone to call his grandmother. Because Evenson's grandmother had previously provided her credit card number to accept a collect call from Telmate, each call from Evenson was processed as a collect call requiring Evenson's grandmother to enter the three-digit verification code that matched the number on file with Telmate. During three of Evenson's four call attempts, the Telmate system prompted Evenson's

grandmother to enter the three-digit verification code associated with the credit card on file.[1] Because Evenson's grandmother had an unspecified difficulty entering the correct three-digit verification code, she was unable to accept the phone calls. Evenson did not obtain independent BAC testing.

Evenson filed a motion to suppress or, in the alternative, a motion in limine. Evenson claimed that he was denied the right to gather exculpatory evidence, specifically independent BAC testing, due to the Telmate system at the Kootenai County Public Safety Building. Following the suppression hearing, Evenson and the State signed and submitted a joint set of stipulated facts expressly to be used by the district court in consideration of Evenson's motion to suppress. In relevant part, the parties stipulated that "due to some difficulty in the Defendant's grandmother entering her credit card number's correct three (3) digit verification code, she was unable to accept the Defendant's phone calls." The district court adopted the facts in whole and denied Evenson's motion, finding:

> Although Defendant did not receive the benefit of a free 60 second phone call to that number and although Defendant's grandmother failed to accept Defendant's call, the factual record fails to show that law enforcement interfered with or affirmatively denied Defendant access to a telephone once he requested to make telephonic arrangements for an independent BAC test. The record here shows that Defendant was given access to a telephone but was unsuccessful in arranging independent BAC testing.

Pursuant to an Idaho Criminal Rule 11 plea agreement, Evenson entered an *Alford*[2] plea to felony driving under the influence in violation of I.C. § 18-8004 and I.C. § 18-8005(6).[3] Evenson reserved the right to appeal the district court's denial of his motion to suppress. The district court sentenced Evenson to six years, with three years determinate. The court suspended the sentence and placed Evenson on probation. Evenson timely appeals.

---

[1]     The fourth telephone call was disconnected for an unknown reason and did not provide an automated prompt for Evenson's grandmother to enter the verification code associated with the credit card on file.

[2]     *See North Carolina v. Alford*, 400 U.S. 25, 91 (1970).

[3]     Additionally, Evenson entered an *Alford* plea to possession of a controlled substance in violation of Idaho Code § 37-2732(c)(3), a misdemeanor.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Evenson disputes both the factual findings and the legal conclusions of the district court. As an initial matter, Evenson argues the district court erred in finding that Evenson's grandmother did not accept Evenson's telephone calls. Evenson argues that his grandmother accepted the calls but they were automatically disconnected because the Telmate system did not recognize the three-digit verification number she entered. Further, Evenson contends the district court erred in concluding the officers did not interfere with Evenson's right to collect potentially exculpatory evidence because the State provided Evenson with a dysfunctional telephone system that failed to permit him to make a call to the number he desired.

The State contends that its actions did not affirmatively deny or materially interfere with Evenson's efforts to secure independent BAC testing; the State provided him with a telephone, and the only reason he was not able to speak with his grandmother was because she had an unspecified difficulty entering the three-digit verification code that matched the number in Telmate's system.

Based on the stipulated facts submitted by the parties, the district court made a factual finding that Evenson's grandmother was unable to accept Evenson's calls. Stipulations serve as a form of judicial admission that removes the necessity for a party to prove the facts admitted. *Reding v. Reding*, 141 Idaho 369, 373, 109 P.3d 1111, 1115 (2005). When parties agree to a set of stipulated facts, the district court may rely on the stipulation as undisputed proof of the factual matters asserted. *State v. Hochrein*, 154 Idaho 993, 1000, 303 P.3d 1249, 1256 (Ct. App. 2013).

4

"As a general rule, stipulations of parties or counsel made in pending proceedings are conclusive as to all matters properly contained or included therein." *Id*. Although in certain situations a district court may relieve a party from the binding effect of a stipulation, a party must affirmatively seek this relief at the district court. *Workman Family P'ship v. City of Twin Falls*, 104 Idaho 32, 35, 655 P.2d 926, 929 (1982).

Here, the district court adopted the factual stipulation that Evenson's grandmother was unable to accept the calls. The district court also found that Evenson's grandmother failed to accept the calls. Whether Evenson's grandmother was unable to accept the calls or failed to accept the calls is merely semantics; the end result was the calls were not completed. Thus, failing to accept the call is, practically speaking, the same as the inability to accept the call, and the different word choices do not change the outcome in this case. In this case, there is substantial and competent evidence to support the district court's factual findings, and they will not be overturned on appeal.

This Court also considers whether the Telmate telephone system deprived Evenson of his right to gather potentially exculpatory evidence in violation of the Fourteenth Amendment and I.C. § 18-8002A(6). Individuals charged with an alcohol-related driving offense have a constitutional right to gather exculpatory evidence under the due process clause of the Fourteenth Amendment, *State v. Carr*, 128 Idaho 181, 184, 911 P.2d 774, 777 (Ct. App. 1995), and a qualified statutory right to obtain additional, independent BAC testing under I.C. § 18-8002A(6), *State v. Hedges*, 143 Idaho 884, 886-87, 154 P.3d 1074, 1076-77 (Ct. App. 2007). These means provide an individual the chance to gather evidence to refute the State's evidence of intoxication, preserving the right to a fair opportunity to defend against the State's accusations. *See Carr*, 128 Idaho at 184, 911 P.2d at 777.

These statutory and constitutional rights mandate that after submitting to evidentiary testing at the request of a police officer, a driver may have additional, independent testing done at his own expense, I.C. § 18-8002A(6), and must be allowed, at a minimum, to make a telephone call upon request to do so. *Carr*, 128 Idaho at 184, 911 P.2d at 777. These rights must be affirmatively asserted. *Hedges*, 143 Idaho at 887-88, 154 P.3d at 1077-78. Once asserted, officers have a duty, at a minimum, to not affirmatively deny or materially interfere with the individual's right to gather potentially exculpatory evidence to refute the State's charges of intoxication. *Id*. at 888, 154 P.3d at 1078. This is because the metabolism of alcohol in the

5

blood creates an inherent exigency so that "the only opportunity to obtain a meaningful, independent BAC test is within a reasonable time following arrest and administration of the state's evidentiary BAC test." *Id.* at 887, 154 P.3d at 1077. Courts have held the State materially interferes with this right when it unreasonably lengthens the booking process, delays subsequent release on bond, or interferes with or denies access to a telephone. *See id.* at 888, 154 P.3d at 1078; *State v. Shelton*, 129 Idaho 877, 880, 934 P.2d 943, 946 (Ct. App. 1997).

For example, in *Carr*, despite the defendant's expressed desire to speak to an attorney, the officers denied her access to a telephone until five hours after her arrest. *Carr*, 128 Idaho at 182, 911 P.2d at 775. This Court held the State violated Carr's right to due process because the person contacted could facilitate the administration of an independent BAC test, document any demonstrable characteristics of sobriety, or serve as a potential witness for the defense. *Id.* at 184-85, 911 P.2d at 777-78. When the officers denied Carr access to a telephone, the State deprived her of the means by which she could establish her defense.

On the other hand, if the action that results in an individual's inability to gather potentially exculpatory evidence is not attributable to the State, the defendant will not meet the burden required to be successful on a motion to suppress. *See State v. Cantrell*, 139 Idaho 409, 412, 80 P.3d 345, 348 (Ct. App. 2013) (holding that defendant did not show that the delay in his release from jail was attributable to the State because he did not show that the officers were interfering or preventing his release); *Shelton*, 129 Idaho 877, 880, 934 P.2d 943, 946 (holding that because the defendant did not affirmatively exercise his right to an independent BAC test, the State did not violate his rights). Thus, in order to prevail on his motion to suppress, Evenson must establish that the State caused his inability to gather potentially exculpatory evidence following his arrest for driving under the influence.

Evenson relies on the holding in *Carr* to support his conclusion that the State interfered with his due process rights in this regard. However, because *Carr* dealt with officers affirmatively denying Carr access to a telephone for five hours after her arrest, her inability to gather potentially exculpatory evidence was clearly linked to the State's actions. Here, the connection is not as clear.

A public safety facility's use of a telephone system that does not allow for calls to be completed because of system issues may constitute an action by the State that materially

interferes with an individual's right to gather potentially exculpatory evidence.[4] This is because it could deny an individual the means necessary to communicate with others who could aid in the inherent exigency of gathering potentially exculpatory evidence following a driving under the influence arrest. In this case, however, the record does not show that Evenson's inability to speak with his grandmother was due to a dysfunctional telephone system. The stipulated facts in the record simply provide that "due to some difficulty in the Defendant's grandmother entering her credit card number's correct three (3) digit verification code, she was unable to accept the Defendant's phone calls." While it is possible that Evenson's attempts to speak to his grandmother were not successful due to the limitations of the telephone system, it is also possible that they were not successful because of human error. Therefore, this Court does not have sufficient facts to conclude that Evenson's inability to speak with his grandmother was caused by the State, and Evenson has not sustained his burden of proof on this issue.[5]

## IV.

## CONCLUSION

The stipulated facts presented in the record establish that Evenson's grandmother was unable to accept Evenson's telephone calls. Further, the record presented does not provide evidence that the reason Evenson was unable to speak with his grandmother was due to a dysfunctional telephone system at the Kootenai County Public Safety Building as opposed to his grandmother's error entering the three-digit verification code necessary to accept the telephone call. Consequently, this Court cannot conclude the State materially interfered with Evenson's assertion of his right to gather potentially exculpatory evidence. The district court did not err by denying Evenson's motion to suppress, and the judgment of conviction is affirmed.

Chief Judge GRATTON and Judge BRAILSFORD **CONCUR**.

---

[4] The record suggests that Evenson's grandmother prepared an affidavit prior to the motion to suppress hearing. However, the affidavit was objected to on hearsay grounds and was not entered into the district court record.

[5] Although we have insufficient evidence that the Kootenai County Sheriff's Department telephone system is "dysfunctional," this Court shares the district court's concern that it may not satisfy constitutional dictates.