794 P.2d 285

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jody R. GORD, Defendant–Appellant.**

**No. 18056.**

Court of Appeals of Idaho.

May 1, 1990.

Petition for Review Denied July 17, 1990.

Jerry Robert Van Idour, Lewiston, for defendant-appellant.

Jim Jones, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

Before WALTERS, C.J., SWANSTROM, J., and WINMILL, J. Pro Tem.

PER CURIAM.

In this case, we are asked to decide whether I.C. § 19–853 requires the police to notify the public defender's office prior to interrogating a suspect. Jody Gord maintains that his confession should be suppressed because the police did not notify the public defender that they had Gord in custody. The district court rejected Gord's argument. We affirm.

The facts of this case are simple. On August 1, 1988, the police arrested Gord and three others at Hellsgate State Park and accused them of first degree burglary. The police took Gord to jail. Prior to questioning Gord, the police informed him of his *Miranda* rights. The interrogating officer then asked Gord to sign a document acknowledging his awareness of his *Miranda* rights, and expressing his willingness to waive them. Gord signed the document. Gord then confessed to the burglary. At no time during the procedure did the police notify the public defender. Neither did Gord request an attorney.

Later that same day, Gord was formally charged with first degree burglary. After a showing of indigency, the court appointed counsel to represent him. Following a preliminary hearing, Gord was bound over to district court. Gord moved to suppress his confession asserting that Idaho statutory law requires that the public defender be notified when a suspect is detained. The district court denied the motion. Gord entered a conditional guilty plea and this appeal followed.

On appeal, Gord argues that I.C. § 19–853(a)(2) imposes a mandatory duty on the state to inform the public defender when a suspect is in custody. Gord further maintains that failure to inform the public defender should result in the application of the exclusionary rule to any evidence ob-

tained after such time that the police could have contacted the public defender. We need not address whether the exclusionary rule is applicable to the alleged statutory violation because, according to the record, Gord waived any right guaranteed to him by the statute.

Idaho Code § 19–853 states in relevant part:

(a) If a person who is being detained by a law enforcement officer, ... is not represented by an attorney under conditions in which a person having his own counsel would be entitled to be so represented, the law enforcement officers concerned, upon commencement of detention, or the court, upon formal charge or hearing, as the case may be, shall:

(1) clearly inform him of his right to counsel and of the right of a needy person to be represented by an attorney at public expense; and

(2) if the person detained or charged does not have an attorney, notify the public defender or trial court concerned, as the case may be, that he is not so represented. As used in this subsection, the term "commencement of detention" includes the taking into custody of a probationer.

Gord maintains that the word "shall" imposes an affirmative duty on the police to notify the public defender upon detention of a suspect. We need not intimate any view on that subject. The statute requires the police to fulfill this obligation only when the detained individual "is not represented by an attorney under conditions in which a person having his own counsel would be entitled to be so represented." This language clearly and unambiguously conditions the police obligation to situations where a suspect would be entitled to legal representation. Certainly Gord was entitled to an attorney during a custodial interrogation. The statute neither attempts to enlarge nor diminish that constitutional right. The police informed Gord of that right. However, in this case, Gord waived that right when he executed a written waiver of his *Miranda* rights. The document which Gord signed reads:

1. You have the right to remain silent.

2. Anything you say can and will be used against you in a court of law.

3. You have the right to a lawyer from the time you are arrested throughout your entire Court proceedings.

4. You have the right to talk to a lawyer and have him present while you are being questioned.

5. If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning begins if you wish.

6. If you answer any question now without a lawyer present you can stop at any time until a lawyer is present, or refuse to answer any questions until a lawyer is present.

I have read the above statement of my rights and hereby acknowledge that I have received and understand them, at the time and place so stated, and that I desire to make a statement at this time to the above referenced officer. I do not want a lawyer present at this time. No promises or threats have been made and no pressure of any kind has been used against me.

Gord does not raise the issue of whether he voluntarily waived his *Miranda* rights. The Idaho courts regard written waivers as strong proof of a voluntary waiver of rights. *State v. Kirkwood,* 111 Idaho 623, 726 P.2d 735 (1986); *State v. Mitchell,* 104 Idaho 493, 660 P.2d 1336 (1983) *cert. denied* 461 U.S. 934, 103 S.Ct. 2101, 77 L.Ed.2d 308. Since Gord waived his *Miranda* rights, any duty imposed upon the police to contact the public defender pursuant to I.C. § 19–853 was suspended until such time as Gord invoked his right for counsel to be present during the custodial interrogation. Having concluded that Gord voluntarily waived his rights, we need not address whether application of the exclusionary rule is an appropriate remedy for police failure to comply with I.C. § 19–853.

We affirm the district court's decision denying Gord's motion to suppress the confession.