934 P.2d 943

STATE of Idaho, Plaintiff–Respondent,

v.

Matt SHELTON, Defendant–Appellant.

No. 22984.

Court of Appeals of Idaho.

March 20, 1997.

878

M. Lynn Dunlap, Jerome County Public Defender, argued, Twin Falls, for appellant.

Alan G. Lance, Attorney General; Catherine O. Derden, Deputy Attorney General, argued, Boise, for respondent.

WALTERS, Chief Judge.

Matthew S. Shelton was charged with the felony offense of driving while under the influence of alcohol, I.C. §§ 18–8004 and 18–8005. He filed a motion to suppress the results of his breath test, the field sobriety tests and all evidence obtained as a result of the arrest. After the district court denied the motion, Shelton entered a conditional plea of guilty to the offense, reserving his right to challenge the denial of his motion to suppress. The court sentenced Shelton to a fixed five-year term, then stayed execution of the judgment pending this appeal by Shelton.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 28, 1995, Matthew Shelton was arrested by Jerome County Deputy Sheriff Todd Corder for driving while under the influence of alcohol (DUI), and transported to the Jerome County Sheriff's Office. An officer read Shelton the standard I.C. § 18–8002 Advisory Form on the effect of refusing to take a breath test. Consistent with I.C. § 18–8002(2), the officer also informed Shelton that he had no right to consult with an attorney prior to taking the breath test, and that he could obtain an additional test at his own expense after the police's evidentiary test was conducted. Shelton agreed to take the breath test, which yielded blood alcohol concentration (BAC) levels of .22 and .22, respectively. The police then learned that Shelton had two prior convictions for DUI within the last five years and that his driving privilege had been suspended. During an inventory search of Shelton's vehicle, the officers also discovered a plastic baggie of marijuana in the vehicle's ash tray.

Shelton was charged by information with one count of felony DUI, I.C. §§ 18–8004 and 18–8005. He filed a motion to suppress the results of the breath test, the field sobriety tests and all evidence obtained as a result of the arrest, arguing that the state had violated his rights under the constitution and I.C. § 19–853, by failing to advise him of his right to counsel, of his right to immediate access to a telephone following administration of the evidentiary BAC test and of his right to be transported to a second location if he elected to request an additional test. Shortly after the motion was filed, the parties stipulated that: (1) the police had failed to give Shelton his *Miranda* rights following the arrest, (2) the police had not advised Shelton of his right to telephone access and (3) the police did not provide Shelton with immediate access to a telephone. After a hearing on the motion, the district court took the matter under advisement. In its order denying the motion, the court held that Shelton's reliance on *Miranda* was misplaced because *Miranda* dealt solely with the constitutional right against self-incrimination, which was not an issue in this case. The court determined that I.C. § 19–853 did not require the police to notify a detainee of his or her right to counsel in this type of situation. The district court reasoned that because Shelton did not request an additional BAC test or request access to a telephone, his procedural due process rights had not been violated.

Shelton entered a conditional plea of guilty under I.C.R. 11(a)(2), reserving the right to

appeal the denial of his motion to suppress. The district court sentenced Shelton to a fixed five-year term. Shelton timely appealed and the execution of the sentence was stayed pending appeal.

## II. DISCUSSION

■ A trial court's decision on a motion to suppress presents mixed questions of law and fact. *State v. McAfee,* 116 Idaho 1007, 1008, 1783 P.2d 874, 875 (Ct.App.1989); *State v. Jones,* 115 Idaho 1029, 1031, 772 P.2d 236, 238 (Ct.App.1989). On appeal we defer to the trial court's findings of fact if they are supported by the evidence. *State v. Connor,* 124 Idaho 547, 548, 861 P.2d 1212, 1213 (1993); *State v. Medley,* 127 Idaho 182, 185, 898 P.2d 1093, 1096 (1995). However, we freely review the trial court's determination as to whether constitutional requirements have been satisfied in light of the facts found. *Medley, supra.*

Relying on *State v. Carr,* 128 Idaho 181, 911 P.2d 774 (Ct.App.1995), and *State v. Madden,* 127 Idaho 894, 908 P.2d 587 (Ct. App.1995), Shelton asserts that his right to due process was violated because the standard Advisory Form was defective in two ways: first, the form failed to advise the detainee that immediately following the BAC test, access to a telephone is available for the purposes of arranging bail, contacting an attorney or arranging additional BAC testing; and second, the form failed to advise the detainee that if he requested additional BAC testing, an officer would provide transportation to a facility appropriate for such purpose. Shelton further argues that because he was not advised of his *Miranda* rights after being arrested or after taking the breath test, the police also had a statutory duty to inform him of his right to counsel pursuant to I.C. § 19–853. He contends that as a result of not being informed of these rights, the police deprived him of the only opportunity he had to obtain rebuttal evidence in a timely manner.[1] Shelton submits

that because of these errors, the district court improperly denied his motion to suppress.

### A. Duty to Inform DUI Detainee of Telephone Access and Right to Transportation.

■ Shelton does not contend that the advisory form, which was read to him as part of the administration of his BAC test, failed to comply with the criteria set forth in I.C. § 18–8002. Rather, relying on *Carr* and *Madden,* he argues that in addition to the statutory requirements, due process requires that the police also inform a DUI detainee of his or her right to telephone access after the evidentiary test has been performed, and to transportation when the detainee requests a second evidentiary test.

At the outset, we note that inasmuch as our courts have found that the due process guarantees under the federal and state constitutions are substantially the same, *see, e.g., Rudd v. Rudd,* 105 Idaho 112, 115, 666 P.2d 639, 642 (1983); *McNeely v. State,* 119 Idaho 182, 188, 804 P.2d 911, 917 (Ct.App.1990), we will address these arguments together.

Shelton's reliance on *Carr* and *Madden* is misplaced because both cases are distinguishable from the case before us now. In *Carr,* the defendant did not request a second BAC test, rather, she requested access to a telephone in order to contact an attorney. Carr made the first request while the officer was reading the advisory form. The officer informed Carr that she had no right to contact an attorney before the BAC test, and that she could obtain an additional BAC test at her own expense after taking the required breath test. After completion of the test, Carr was placed in a holding cell, during which time she repeatedly requested to speak to an attorney. The officer informed her that she could "make any phone calls as soon as the jail personnel were ready to let her make the phone calls." We held that Carr's arguments regarding the denial of her

---

1. In his motion, Shelton also asserted that the evidence should be suppressed because: (1) no probable cause existed for the traffic stop, and (2) the search of the vehicle was unlawful. However, these two issues were not argued before the district court at the hearing on the motion. Furthermore, the court specifically stated in its decision on the motion, that the issue of probable cause relating to the stop was not before it.

right to gather exculpatory evidence and her right to a fair trial were due process claims, couched in terms of interference with her ability to contact counsel. We also held that the state had violated Carr's procedural due process rights because it denied her access to a telephone for approximately five hours after she had been arrested and after the BAC test had been administered. We concluded that such conduct denied Carr the means by which she could establish her defense. *Carr* is distinguishable from Shelton's case because the defendant in *Carr* specifically requested access to a telephone. Shelton made no such request.

In *Madden*, the defendant requested an independent BAC test prior to or during booking. Madden was refused access to a telephone for purposes of arranging the BAC test for approximately two hours after the initial request for an independent test and three and one-half hours after the arrest. We held that by denying Madden access to the telephone following her requests, the police denied her a meaningful and timely opportunity to make her own arrangements for an additional BAC test in accordance with I.C. § 18–8002(4)(d), to establish a defense. *Madden* is also distinguishable because, unlike Shelton, Madden specifically requested a second evidentiary BAC test.

At issue here, as was at issue in *Carr* and *Madden*, is the right to a second BAC test. After submitting to evidentiary testing at the request of the peace officer, a driver may, when practicable, at his or her own expense, have additional tests made by a person of his or her own choosing. I.C. § 18–8002(4)(d); *Madden*, 127 Idaho at 896, 908 P.2d at 589. The advisory form read to Shelton properly informed him of this statutory right. However, Shelton failed to assert his right to an independent BAC test. Furthermore, access to a telephone at this point in the detention is important only in that it is the mechanism through which a DUI detainee executes his right to a second test or to otherwise pursue evidence regarding his or her state of intoxication. Once a request has been made for the second evidentiary test or to use a telephone, the state may not interfere with or

deny the detainee access to a telephone to arrange for such a test.

Because Shelton failed to exercise his right to an independent BAC test, we conclude that the district court properly held that the state did not violate Shelton's constitutional right to procedural due process. Thus we need not address Shelton's argument that the police must transport the detainee to another location once the test has been demanded.

## B. Right to Counsel Immediately Following an Evidentiary BAC Test.

 Next, we address Shelton's argument that he had a right to counsel immediately following the BAC test pursuant to I.C. § 19–853, because it is at this point that the investigatory stage is completed and the accusatory stage begins. In order to assess whether there has been a violation of I.C. § 19–853(a), it must first be determined whether a defendant's right to counsel, as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the federal constitution, has been violated. *See, State v. Reyna*, 92 Idaho 669, 671, 448 P.2d 762, 764 (1968); *State v. Gord*, 118 Idaho 15, 16, 794 P.2d 285, 286 (Ct.App.1990). In *Gord*, we stated that:

The statute [I.C. § 19–853] requires the police to fulfill this obligation only when the detained individual "is not represented by an attorney under conditions in which a person having his own counsel would be entitled to be so represented." This language clearly and unambiguously conditions the police obligation to situations where a suspect would be entitled to legal representation.... The statute neither attempts to enlarge nor diminish that constitutional right.

118 Idaho at 16, 794 P.2d at 286. The Sixth Amendment right to counsel attaches at or after the time that adversarial judicial proceedings have been initiated. *United States v. Wade*, 388 U.S. 218, 237, 87 S.Ct. 1926, 1937, 18 L.Ed.2d 1149, 1163 (1967); *State v. Waggoner*, 124 Idaho 716, 719, 864 P.2d 162, 165 (Ct.App.1993). The commencement of the criminal prosecution, whether by way of formal charge, preliminary hearing, indictment, information, or arraignment, marks

the "critical stage" of the prosecution to which the guarantees of the Sixth Amendment are applicable. *Id.*

It is undisputed that following the BAC test, Shelton was booked and placed in a cell. He was not interrogated, nor was any additional investigation conducted. Shelton was arraigned later that day at which time he was informed of his right to counsel. This Court has already held that there is no constitutional right to counsel prior to or at the time of the police's evidentiary BAC test. *McNeely,* 119 Idaho at 186–87, 804 P.2d at 915–16. Having held that Shelton's constitutional right to due process was not violated, we further hold that I.C. § 19–853 does not enlarge this constitutional right. Furthermore, because the period of time at issue does not constitute a "critical stage" in a criminal proceeding, Shelton's right to counsel was not violated inasmuch as he was advised of this right at the arraignment.

We conclude that the district court properly held that Shelton was not entitled to be informed of his right to counsel pursuant to I.C. § 19–853 after submitting to the BAC test and before the arraignment.

## III. CONCLUSION

In summary, we conclude that the district court properly denied Shelton's motion to suppress the results of his breath test, the field sobriety tests and all evidence obtained as a result of the arrest, because Shelton failed to exercise his right to an have an independent BAC test performed. We uphold the district court's denial of Shelton's motion to suppress and we affirm the judgment of conviction.

LANSING and PERRY, JJ., concur.