**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38104**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2011 Opinion No. 68** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: November 14, 2011** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **KIMBERLEE ANN DECKER,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County.  Hon. Robert J. Elgee, District Judge; Hon. R. Ted Israel, Magistrate.

District court's intermediate appellate decision affirming judgment of conviction for driving under the influence with an excessive alcohol concentration, <u>affirmed</u>.

Werth Law Office, PLLC, Hailey, for appellant.  Douglas A. Werth argued.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.  Nicole L. Schafer argued.

_____

GUTIERREZ, Judge

Kimberlee Ann Decker appeals from the district court's intermediate appellate decision affirming her judgment of conviction, entered by the magistrate upon Decker's conditional guilty plea, for driving under the influence with an excessive alcohol concentration.  Specifically, she challenges the district court's affirmance of the magistrate's denial of her motion to suppress.  For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Kimberlee Ann Decker was involved in an automobile accident near Ketchum, Idaho.  Blaine County Sheriff's Office Deputy Daniel Turner, who had approximately nine months of law enforcement experience, responded to the scene.  He observed Decker laying on a gurney, smelled alcohol on her person, and observed several small wine bottles on the floor of Decker's vehicle.

1

Decker was transported to a hospital where Deputy Turner observed she had glassy and blood shot eyes, smelled of alcohol, had slurred speech, and was exhibiting slightly-impaired memory. Decker admitted she had consumed six glasses of wine. Deputy Turner requested she submit to a blood alcohol concentration (BAC) test. However, Deputy Turner did not read Decker the entirety of the standard "Suspension Advisory Form," created pursuant to Idaho Code sections 18-8002(3)[1] and 18-8002A,[2] nor did he direct her to read the form. Instead, he "paraphrased" it, but failed to advise her that after submitting to the test, she had the right to obtain her own independent testing. He later admitted he may have also failed to advise Decker that she did not have a right to consult an attorney prior to submitting to the test and completely failed to advise her of the civil consequences of refusing to consent, both as outlined by the advisory form. Finally, Deputy Turner departed from the statutory advisories by telling Decker that her driver's license would be suspended regardless of the test outcome since she admitted to drinking, she smelled like alcohol, and wine bottles were found in her car.

---

[1] At the time, Idaho Code section 18-8002(3), applicable to drivers who are asked to submit to an evidentiary test for the concentration of alcohol or other intoxicants, required the following:

> At the time evidentiary testing for concentration of alcohol . . . the person shall be informed that if he refuses to submit to or if he fails to complete, evidentiary testing:
>> (a) His driver's license will be seized by the peace officer and a temporary permit will be issued [except under certain circumstances where a temporary permit should not be issued];
>> (b) He has the right to request a hearing within seven (7) days to show cause why he refused to submit to, or complete evidentiary testing;
>> (c) If he does not request a hearing or does not prevail at the hearing, his driver's license will be suspended absolutely for one year if this is his first refusal and two (2) years if this is his second refusal within ten (10) years; and
>> (d) After submitting to evidentiary testing he may, when practicable, at his own expense, have additional tests made by a person of his own choosing.

[2] Idaho Code section 18-8002A required essentially the same advisory regarding the right to obtain an independent test, but was applicable where a driver submitted to an evidentiary test and failed it.

Decker signed a form consenting to a BAC test. Her blood alcohol level was found to be .33, well above the legal limit.[3] She was charged with misdemeanor driving under the influence with "an alcohol concentration of 0.20 . . . or more, as shown by an analysis of his blood, breath or urine by a test requested by a police officer. . . ." I.C. § 18-8004C(1) ("excessive DUI"). She filed a motion to suppress the BAC results on the basis that Deputy Turner failed to comply with the statutory requirement that he advise her of her right to obtain an independent test and that this failure violated her federal and state due process rights. The magistrate denied the motion. Decker entered a conditional guilty plea, reserving her right to challenge the denial of her motion to suppress. On intermediate appeal, the district court affirmed the magistrate's denial of her motion. Decker now appeals.

## II.

## ANALYSIS

Decker argues her statutory and due process rights were violated by the officer's failure to advise her of her right to obtain an additional, independent BAC test and, therefore, her BAC results should have been suppressed. The State concedes the officer failed to advise Decker of this right before her blood draw was performed; however, it contends Decker fails to show that a violation of the statutory notice requirement requires suppression or that such a failure implicates due process.

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008); *State v. DeWitt*, 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct. App. 2008). We examine the magistrate division record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Id.* If those findings are so supported, and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.*

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts

---

[3]     *See* I.C. § 18-8004.

as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode*, 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give a statute an interpretation which will not render it a nullity. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). Constructions of a statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004); *State v. Yager*, 139 Idaho 680, 690, 85 P.3d 656, 666 (2004).

In denying Decker's motion to suppress, the magistrate determined suppression was not required under the statute. The magistrate further determined suppression was not appropriate in this instance because more than one vial of blood was taken and preserved; therefore, Decker could still obtain an independent test. The magistrate also found Deputy Turner's failure to properly advise Decker did not rise to the level of a due process violation. In affirming the magistrate, the district court declined to resolve the statutory and due process contentions, reasoning that only a Fourth Amendment violation would warrant suppression in this case and such a violation was not present here.

4

**A.      Statutory Grounds**

On appeal, Decker contends the result of her BAC test should be suppressed because the officer failed to comply with the statutory requirement that she be advised of her right to obtain independent testing. Section 18-8002(3) provided for the suspension of the driving privileges of a motor vehicle operator who refused to submit, at the request of a peace officer, to an evidentiary test for the concentration of alcohol in his blood, urine, or breath. The section also required that at the time of the evidentiary test, the officer inform the arrestee that, among other things, "[a]fter submitting to evidentiary testing he may, when practicable, at his own expense, have additional tests made by a person of his own choosing." I.C. § 18-8002(3)(d).[4] Further, the statute provided:

> After submitting to evidentiary testing at the request of the peace officer, he may, when practicable, at his own expense, have additional tests made by a person of his own choosing. The failure or inability to obtain an additional test or tests by a person shall not preclude the admission of results of evidentiary testing for alcohol concentration or for the presence of drugs or other intoxicating substances taken at the direction of the peace officer unless the additional test was denied by the peace officer.

I.C. § 18-8002(4)(d).[5] Additionally, section 18-8002A, the related statute, which provided for the administrative suspension of the driving privileges of a motor vehicle operator who submits to an evidentiary test which shows an alcohol concentration in excess of that permitted by law, indicated that:

> At the time of evidentiary testing for concentration of alcohol . . . . is requested, the person shall be informed that if the person refuses to submit to or fails to complete evidentiary testing, or if the person submits to and completes evidentiary testing and the test results indicate an alcohol concentration . . . in violation [of statutes], the person shall be informed substantially as follows (but need not be informed verbatim):
> If you refuse to submit to or if you fail to complete and pass evidentiary testing for alcohol or other intoxicating substances:
> . . . .
> (e) After submitting to evidentiary testing you may, when practicable, at your own expense, have additional tests made by a person of your own choosing.

---

[4]      In the amended version of the statute, this subsection is now (3)(e).

[5]      This subsection is now codified as (4)(e).

5

I.C. 18-8002A(2)(e)[6]. Mirroring section 18-8002(4)(d), the statute further provided:

> Additional tests. After submitting to evidentiary testing at the request of the peace officer, the person may, when practicable, at his own expense, have additional tests for alcohol concentration or for the presence of drugs or other intoxicating substances made by a person of his own choosing. The person's failure or inability to obtain additional tests shall not preclude admission of the results of evidentiary tests administered at the direction of the peace officer unless additional testing was denied by the peace officer.

I.C. 18-8002A(6).

Decker contends these statutes require the suppression of her BAC results in this instance. However, it is well-settled that even if an officer fails to notify the defendant of the consequences of refusal as required by section 18-8002(3), the results of the evidentiary test are still admissible in a criminal prosecution. *State v. Woolery*, 116 Idaho 368, 373, 775 P.2d 1210, 1215 (1989); *DeWitt*, 145 Idaho at 714, 184 P.3d at 220; *State v. Harmon*, 131 Idaho 80, 85, 952 P.2d 402, 407 (Ct. App. 1998). In other words, failure to advise a suspect of the consequences of refusal is significant only in regard to the administrative license suspension procedure encompassed by section 18-8002(3) following a refusal. *DeWitt*, 145 Idaho at 713-14, 184 P.3d at 199-200. And, given the similarity of the statutes and the fact section 18-8002A, like section 18-8002, is devoted entirely to "the administrative, or civil, suspension of the license of a driver," *Woolery*, 116 Idaho at 373, 775 P.2d at 1215, we conclude a failure to provide the warnings under section 18-8002A also does not require suppression of test results in a criminal prosecution.

Alternatively, Decker contends the officer's failure to inform her of her right to obtain an independent test and misstatements of the law amounted to a "denial" of additional testing and, therefore, pursuant to sections 18-8002(4)(d) and 18-8002A(6), her BAC result should have been suppressed. Decker's attempt to equate the failure to advise her pursuant to section 18-8002(3) to a *denial* of the right to an additional test is untenable based on the plain language of the statutes. While the legislature specifically mandated that exclusion is appropriate when discussing the denial of the right to an additional test, I.C. §§ 18-8002(4)(d), 18-8002A(6), it did not do so with regard to the failure to inform an arrestee of this right pursuant to section

---

[6]     This statute has been amended and is now subsection (f).

18-8002(3). Rather, as we noted above, the remedy provided for the failure to advise an arrestee as dictated by section 18-8002(3) is in regard to an administrative license suspension. I.C. § 18-8002(4). *See also DeWitt*, 145 Idaho at 713-14, 184 P.3d at 199-200. Given this distinction made by the legislature, we are not convinced the exclusionary provisions applicable to a denial of testing extend to a failure to advise. Rather, they comprise two distinct circumstances with two distinct statutory remedies. Accordingly, we conclude the magistrate did not err in refusing to suppress on statutory grounds because Decker is not entitled to statutory-mandated suppression of the BAC results in the criminal prosecution at issue where she was not "denied" the right to obtain an independent test.

### B. Constitutional Grounds

We next turn to Decker's argument that the results should be suppressed on constitutional grounds. Specifically, she contends "the failure of the officer to follow mandatory statutory requirements, and his abject misinformation, deprived [her] of the opportunity to obtain additional testing and the ability to obtain evidence to assist in her defense." This, she contends, violated her right to due process under both the United States Constitution and the Idaho Constitution.[7]

Where a defendant claims his or her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence. *State v. Jacobson*, 150 Idaho 131, 134, 244 P.3d 630, 633 (Ct. App. 2010); *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct. App. 2001). However, we freely review the application of constitutional principles to those facts found. *Id*. It is the defendant's burden to demonstrate facts that constitute a due process violation. *See Jacobson*, 150 Idaho at 134, 244 P.3d at 633; *State v. Cantrell*, 139 Idaho 409, 412, 80 P.3d 345, 348 (Ct. App. 2003).

It is fundamental to our legal system that the State shall not deprive "any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. It is a two-

---

[7]　At the outset, we note that inasmuch as our courts have found that the due process guarantees under the federal and state constitutions are substantially the same, *see, e.g., Rudd v. Rudd*, 105 Idaho 112, 115, 666 P.2d 639, 642 (1983); *McNeely v. State*, 119 Idaho 182, 188, 804 P.2d 911, 917 (Ct. App. 1990), we will address these arguments together. *State v. Shelton*, 129 Idaho 877, 879, 934 P.2d 943, 945 (Ct. App. 1997).

step process to determine due process rights: first, deciding whether a governmental decision would deprive an individual of a liberty or property interest within the meaning of the Fourteenth Amendment's Due Process Clause; and second, if a liberty or property interest is implicated, a balancing test must be applied to determine what process is due. *State v. Rogers*, 144 Idaho 738, 740, 170 P.3d 881, 883 (2007).

Decker's contention that the advisory requirements of section 18-8002(3) created a due process right is untenable. She cites to no authority for the proposition that a statutory directive to law enforcement authorities amounts to a due process right of an accused merely on the basis that it is mandated by statute. Accordingly, we must conclude the magistrate did not err in denying her motion to suppress on constitutional grounds.

## III.
## CONCLUSION

The magistrate did not err in concluding there was no basis to suppress Decker's BAC results on either statutory or constitutional grounds. Thus, we affirm the district court's decision affirming the magistrate's denial of Decker's motion to suppress.

Chief Judge GRATTON and Judge LANSING **CONCUR.**