**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40074**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 745 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 8, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DAVID M. KNOTT, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Hon. Robert J. Elgee, District Judge; Hon. R. Ted Israel, Magistrate.

Appellate decision of district court affirming judgment of conviction, <u>affirmed</u>.

Andrew Parnes, Ketchum, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent. Daphne J. Huang argued.

_____

PERRY, Judge Pro Tem

David M. Knott appeals from the district court's appellate decision and order affirming the magistrate's order denying Knott's motion to exclude evidence of his refusal to undergo an alcohol concentration test from his criminal trial for driving under the influence. We affirm.

## I.

## BACKGROUND

Following a traffic stop, Knott was charged with driving under the influence in violation of Idaho Code § 18-8004. Knott filed a pretrial motion to exclude evidence of his refusal to undergo testing for alcohol or other intoxicating substances. Knott contended, among other things, that the evidence should be inadmissible in the criminal trial because a police officer failed to properly inform him of the consequences of refusing evidentiary testing. Knott further

1

asserted that evidence of his refusal should be excluded under Idaho Rule of Evidence 403.[1] The magistrate denied the motion. Knott then entered a conditional guilty plea, reserving the right to appeal the denial of his motion. On intermediate appeal, the district court affirmed. Knott appeals to this Court.

## II.
## STANDARD OF REVIEW

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008); *State v. DeWitt*, 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct. App. 2008). We examine the magistrate division record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *DeWitt*, 145 Idaho at 711, 184 P.3d at 217. If those findings are so supported, and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.*

## III.
## ANALYSIS

In Idaho, a driver's license or driving privileges are subject to civil administrative suspension if, when lawfully requested, he refuses to undergo evidentiary testing for alcohol or other intoxicating substances, I.C. § 18-8002(4)(a), or if he fails evidentiary testing, I.C. § 18-8002A(4)(a). Both statutes direct that, at the time of evidentiary testing, a driver be advised about the consequences of failing or refusing a test. I.C. §§ 18-8002(3), 18-8002A(2). The failure to give the statutorily-required warnings is a ground to have an administrative suspension set aside. *In re Griffiths*, 113 Idaho 364, 368, 744 P.2d 92, 96 (1987); *State v. Kling*, 150 Idaho 188, 190-93, 245 P.3d 499, 501-04 (Ct. App. 2010). That is, apparently,[2] what happened here.

---

[1]     In his appellant's brief, Knott states that he "sought exclusion of this evidence only in the State's case-in-chief, but conceded throughout that the State might be able to introduce this evidence as rebuttal or in cross-examination should the door be opened in the defendant's case."

[2]     Knott does not explain exactly how the warnings given him failed to comply with the statutes, but it was generally represented in proceedings below that the problem here was the same as in *Kling*, where the Idaho Transportation Department disseminated a form rewriting the statutorily-required warnings and procedures with regard to drivers holding nonresident drivers' licenses. *See State v. Kling*, 150 Idaho 188, 191, 245 P.3d 499, 502 (Ct. App. 2010).

Knott refused evidentiary testing subjecting him to a suspension, but a magistrate in the civil administrative case set it aside because "the suspension or advisory form read or communicated to Mr. Knott failed to comply with the requirements of Idaho law."

In this appeal, Knott contends that the magistrate erred by denying his motion in his criminal case to exclude from trial evidence his refusal to undergo testing. He first asserts, citing authority from other state jurisdictions which he contends is persuasive, that "proper compliance" with the administrative warnings should be considered "foundational requirements [that] are necessary for the admission of the refusal evidence" in his criminal trial.

In addressing this issue, we need not discuss Knott's foreign state authority. Each state has a unique statutory framework regarding admissibility of evidence in the instant context, and Knox has failed to discuss how this authority relates to each state's statutes. Moreover, and more importantly, the holdings in the cases cited by Knott are not in accord with a significant line of established Idaho authority holding that failure to advise of the consequences of failing or refusing a test in accord with the administrative statutes does not affect the admissibility of evidence in a criminal prosecution, including Idaho Supreme Court authority that this lower Court is bound to follow.

In *State v. Bock*, 80 Idaho 296, 328 P.2d 1065 (1958), our Supreme Court addressed the admissibility of the defendant's refusal to submit to testing in his criminal trial for driving under the influence. The Court stated that, unlike administrative license suspension statutes from two other states that specifically provided that refusal of an accused to submit to the test was not admissible in evidence against him, it was significant that Idaho's administrative license suspension statute contained no such provision, and the Court declined to add a limitation to court use of the refusal which the legislature had not seen fit to impose. *Id.* at 309, 328 P.2d at 1073. The Court further held:

> We conclude that evidence of appellant's refusal to submit to a blood test was competent and admissible. Like any other act or statement voluntarily made by him, it was competent for the jury to consider and weigh, with the other evidence, and to draw from it whatever inference as to guilt or innocence may be justified thereby.

*Id.*

More recently, and in a similar context, this Court has explained that a criminal defendant's refusal to participate in field sobriety tests is relevant to show "consciousness of

3

guilt." *State v. Martinez-Gonzalez*, 152 Idaho 775, 780, 275 P.3d 1, 6 (Ct. App. 2012); *Thompson v. State*, 138 Idaho 512, 515-16, 65 P.3d 534, 537-38 (Ct. App. 2003). In other words, the evidence is relevant because the finder of fact may infer that the reason the defendant refused to test is because he knew the test results would not be to his favor.

Idaho law has not changed from the time of *Bock* with respect to Idaho's administrative license suspension statutes, I.C. § 18-8002 and § 18-8002A. Neither statute contains a provision conditioning the criminal case admissibility of a defendant's refusal to take a test or failure of a test upon the giving of adequate statutory warnings. For this reason, and others, this state's appellate courts have many times stated that inadequacy of administrative warnings has no effect on admissibility of evidence in a criminal case. In *State v. Decker*, 152 Idaho 142, 267 P.3d 729 (Ct. App. 2011), the defendant contended that because she had not been informed, as required by the administrative statutes, of her opportunity for independent testing, her test results should be suppressed in her criminal case. In rejecting her claim, this Court summarized Idaho law on the issue:

> Decker contends these statutes require the suppression of her BAC results in this instance. However, it is well-settled that even if an officer fails to notify the defendant of the consequences of refusal as required by section 18-8002(3), the results of the evidentiary test are still admissible in a criminal prosecution. *State v. Woolery*, 116 Idaho 368, 373, 775 P.2d 1210, 1215 (1989); [*State v. DeWitt*, 145 Idaho 709, 714, 184 P.3d 215, 220 (Ct. App. 2008)]; *State v. Harmon*, 131 Idaho 80, 85, 952 P.2d 402, 407 (Ct. App. 1998). In other words, failure to advise a suspect of the consequences of refusal is significant only in regard to the administrative license suspension procedure encompassed by section 18-8002(3) following a refusal. *DeWitt*, 145 Idaho at 713-14, 184 P.3d at 219-220. And, given the similarity of the statutes and the fact section 18-8002A, like section 18-8002, is devoted entirely to the administrative, or civil, suspension of the license of a driver, *Woolery*, 116 Idaho at 373, 775 P.2d at 1215, we conclude a failure to provide the warnings under section 18-8002A also does not require suppression of test results in a criminal prosecution.

*Decker*, 152 Idaho at 146-47, 267 P.3d at 733-34.

Knott's attempt to distinguish *Decker* and the cases cited therein from his circumstance is not convincing. He notes that each of these cases involved criminal case admissibility of test results as opposed to this case involving admissibility of a refusal, but this is a distinction without a difference. In each context, the underlying rule of law remains the same; the failure to inform a driver of the required information in the administrative statutes is significant only to the

4

validity of an administrative license suspension, and those proceedings, and does not affect admissibility of evidence in a criminal case. The magistrate did not err in concluding that Knott's position was contrary to Idaho law, and the district court did not err by affirming this ruling.

Knott also asserts that the magistrate erred by declining his request to exclude evidence of his refusal under Idaho Rule of Evidence 403 because, in his view, the probative value was substantially outweighed by the risk of unfair prejudice. Specifically, the magistrate ruled:

> The fact that the Defendant refused a test is probative of his consciousness of guilt. Improper warnings about the consequences of refusal in a separate civil proceeding do not make that evidence so prejudicial that admission of it is prohibited.

Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401. Relevant evidence may be excluded, however, if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. I.R.E. 403. Whether evidence is relevant under Rule 401 is an issue of law that we review de novo, while the decision to admit relevant evidence over a Rule 403 objection is reviewed for an abuse of discretion. *State v. Shutz*, 143 Idaho 200, 202, 141 P.3d 1069, 1071 (2006); *State v. Sanchez*, 147 Idaho 521, 525, 211 P.3d 130, 134 (Ct. App. 2009); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989). In determining whether the trial court abused its discretion, we inquire: (1) whether the trial court correctly perceived the issue as a discretionary one; (2) whether the trial court acted within the outer bounds of its discretion and consistently with the applicable legal standards; and (3) whether the trial court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989); *State v. Ortiz*, 148 Idaho 38, 41, 218 P.3d 17, 20 (Ct. App. 2009).

Knott first argues that the magistrate applied "an incorrect legal standard" in its Rule 403 analysis because "there is no indication in the ruling that it viewed this issue as one of discretion." Knott's criticism is not well taken. A trial court's ruling in an area of discretion should not be subject to automatic reversal simply because the court does not expressly state, on the record, its recognition of the standard. Here, there is no indication that the magistrate concluded that he was bound by law to admit the evidence. Knott has failed to show error.

5

Moreover, even were Knott's interpretation of the magistrate's ruling correct, he has not shown reversible error because he has not identified any *unfair* prejudice to weigh. Evidence is not unfairly prejudicial simply because it is damaging to a defendant's case. Evidence is unfairly prejudicial when it suggests decision on an improper basis. *State v. Fordyce*, 151 Idaho 868, 870, 264 P.3d 975, 977 (Ct. App. 2011); *State v. Pokorney*, 149 Idaho 459, 465, 235 P.3d 409, 415 (Ct. App. 2010); *State v. Floyd*, 125 Idaho 651, 654, 873 P.2d 905, 908 (Ct. App. 1994). Knott makes no argument that informing the jury he refused to do an alcohol concentration test would in any way suggest decision on an improper basis, or that by having to respond and explain why, from his perspective, he refused would result in unfair prejudice.

Knott also complains that the magistrate court erred because it "did not engage in a full analysis of the factors under Rule 403" including the possible exclusion of evidence because of "confusion of the issues, misleading the jury, and waste of time." The reason that the magistrate did not mention these Rule 403 considerations, or Knott's current assertions in support, is because Knott did not assert them in his motion, his memorandum in support, or in his argument at a hearing on the motion. This Court will not consider issues raised for the first time on appeal. *State v. Holland*, 135 Idaho 159, 161-62, 15 P.3d 1167, 1169-70 (2000); *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992). In addition, on appeal Knott does not explain how this evidence would confuse the issues, mislead the jury, or waste time. Instead, he concludes that "[b]ecause much of the trial would hinge on the 'subjective interpretation' of Mr. Knott's thoughts when he refused the test after the improper advice from the officer, the evidence should have been excluded under a complete and proper Rule 403 analysis." Knott has failed to show error in the magistrate's denial of his motion to exclude evidence under I.R.E. 403, and the district court therefore did not err in affirming the magistrate.

## IV.

## CONCLUSION

The district court's appellate decision and order affirming the magistrate's order denying Knott's motion to exclude evidence of his refusal to undergo an alcohol concentration test from his criminal trial for driving under the influence is affirmed. The judgment of conviction is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**

6